FILED

DEC - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, N.W.
Washington, DC 20002

Rashid Harris DCDC 277-267
DC Department of Corrections DC Jail
Federal No. 06498-007
        Petitioner,

V.

Warden William J. Smith
D.C. Department Of Correction
1901 D Street SE
Washington, DC 20003, Respondent

CASE NUMBER  1:06CV02079

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 12/5/2006

## PETITION FOR WRIT OF HABEAS CORPUS TO BE IMMEDIATELY RELEASE FROM CUSTODY AT THE D.C. JAIL

The Petitioner respectfully moves this Honorable Court to immediately release him from and "Unlawful" confinement at the D.C. Jail, because he is being held in Jail by the U.S. Parole Commission's authority and not his sentencing Judge.

The Petitioner is a 27 year old male who was sentenced in the Superior Court on January 11, 1999 to Count E-Assault with a Deadly Weapon (GUN) and Count H-Carrying A Pistol without A License. Mr. Harris was sentenced to 10 years in Jail for Count E and 5 years in Jail for Count H. The Petitioner was also sentenced under the "Youth Correctional Act" in the above cases.

The Petitioner was paroled on June 29, 2005 with a Full-Term date of October 29, 2008. The Petitioner name under the above case was Duane Williams, PDID #492-385.

The Petitioner had pled guilty to both above counts, had not challenged his sentence or

1

conviction at all or tried to appeal either case.

The Petitioner is an "Un-learned" person concerning the Law, but did not know that the Parole is an unconstitutional provision of the law, which shouldn't had been "delegated" to an Executive Branch at att and it was trial counsel's legal duty to have raise any argument before the sentencing court.

**A.    GROUND ONE:**

On or about April 5, 2006, the petitioner was arrested by the Prince Georges County Police Department for Possession with Intent to Distribute Heroin and Crack Cocaine, Possession of Heroin and Crack Cocaine, etc. All charges above was dismissed by a Maryland Judge, but a Parole detainer was lodged against the petitioner to be transported to the D.C. Jail.

**B.    GROUND TWO:**

The Petitioner is now awaiting for a Parole Revocation Hearing to be "Punish" for a New Criminal Conduct and "Preponderance of the Evidence, without a "Judicial" Show Cause Hearing. The Criminal Rule No. 32.1 authorize a "Magistrate" Judge to hold a "Probable Cause Hearing and not a Parole Examiner.

**C.    GROUND THREE:**

Mr. Harris sentencing Judge will never issue a "Judicial- Summon or Arrest Warrant" against Mr. Harris to appear in the Superior Court, for any violation of Parole, because Mr. Harris sentencing Judge had "delegated" his Judicial power, in the hands of the Parole Commission unlawfully.

**D.    GROUND FOUR:**

The lodging of a Parole detainer does prevent Mr. Harris from being release from prison and there is no signed Judgment and Commitment Order commanding Warden W. Smith

to hold Mr. Harris in the custody of the Attorney General. A Parole "Notice of Action" cannot be substitute for an Official Court Order to keep Mr. Harris confine within the D.C. Jail, because Executive Officials are violating the "Separation of Power doctrine."

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Rashid Harris*
Rashid Harris, Petitioner

December 1, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, N.W.
Washington, DC 20002


Rashid Harris DCDC 277-267
DC Department of Corrections DC Jail
Federal No. 06498-007
      Petitioner,

      V.                                          Civil Action No._____

Warden William J. Smith
D.C. Department Of Correction
1901 D Street SE
Washington, DC 20003, Respondent

U.S. Parole Commission, ET.AL.,
5550 Friendship Boulevard
Chevy Chase, Md. 20815-7286

## MEMORANDUM AND AUTHORITY OF LAWS
## IN SUPPORT OF PETITIONER'S WRIT OF HABEAS CORPUS


      The Petitioner now challenge the Constitutionality of The Parole Commission's authority having jurisdiction over his "Post Supervision Release Term" and the power to revoke his sentence again. The criminal procedure rule No. 32.1 grants authority to Magistrate Judge to hold a "Probable Cause Hearing" on D.C. Code Offenders and the rule does not mention Parole Officials.

      Regardless of Mr. Harris violating any condition of parole, his sentencing Judge will not take any further action him at all, because the sentencing Judge had "delegated" his Judicial Power to the Parole Commission, in violation of the separation of Power Doctrine. See U.S. v. Mistretta, 488 U.S. 361.

### JURISDICTION

      Jurisdiction is conferred upon this Honorable Court pursuit to Title 28 U.S.C. Section 2241 and 2243. As well as Title 18 U.S.C. § 1201.

06 2079

**FILED**

DEC - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTS OF THIS CASE

Mr. Harris is being unlawfully confined within the D.C. Jail, without a Bond or Judgment and Commitment Order placing him under the custody of the Attorney General, to serve any prison sentence.

His criminal cases in Maryland has been dismissed and there is no reason why the Parole Commission has lodged a "frivolous - detainer against Mr. Harris.

It is very clear that Mr. Harris had served approximately six (6) years in Jail on a ten (10) year sentence, without any "good time credits" deducted.

Prison and Parole Officials had deprived Mr. Harris of his "Liberty Interest" and Mr. Harris is not "Free" to leave out of the D.C. Jail gates, unless this Court intervene in an "Expeditious" manner.

Plain and Simple, Parole Officials are not Judges and cannot "dictate" the law against D.C. Code Offenders. Mr. Harris is about to be punish by a Parole board, his street time will be taking and the Parole Commission will make the "Final" Resolution on his sentence.

## ARGUMENTS

The Burden of Proof is on the Government to Show cause that the Parole Commission has <u>Not acted in capacity of an Article III Judges.</u>

The Power to sentence a State or Federal Prisoner has always been invested in the hands of an Article III Judge and <u>not The Parole Commission, see Zakari v. Reno,</u> ___ F. Supp. 2d___ (E.D.VA.1999).

The Fourth Circuit Court Judges was squarely faced with the same above issue that "whether a Non-Judicial officer can set the Full Term of restitution and the Final

Resolution of a person's sentence" "The Answer was NO". See U.S. v. Johnson, 48 F.3d 806, 807-08 (4th cir.1995).

In the Case at Bar, Congress had impermissibly granted "Judicial Power" to the Parole Commission to Re-Lock-Up D.C. Code Offenders, Hold Revocation Hearings, revoke a person's sentence, take street time credits, convert Post Supervision into Jail Time Status, Set The Full Term Of Drug Testing, place Parolee in Drug Treatment Programs and Make the final resolution on someone's sentence. See D.C. Code 24-131, 24-406, 24-205 and 24-133.

The Petition now challenge the U.S. Parole Commission's authority to "Revoke" his sentence, taken of street time credits and to willfully hold him in custody under the Attorney General, as well as Apply Parole Guidelines to his sentence. The power to revoke a sentence, always was vested in the hands of a sentencing Judge. See D.C. Code section 24-109 and D.C. Code 11-923 (authority to resolve cases and controversy). The D.C. Circuit Judges had already dealt with the situation where probation officials "continue" a Judges Court Order. See Taylor v. U.S. Probation Office, ET.AL. Appeal No. 03-5170, decided June 3, 2005.

Judge Gladys Keesler in this same Court-House, was squarely faced with the issue of whether a probation officer can "extend" a defendant's supervised release date beyond his "maximum" sentence. That answer was proving as being NO. See U.S. v. Taylor, criminal no. 97-0035, decided on February 4th, 2005.

The Fourth Circuit Judges was also squarely faced with the same above issue, in which, a defendant prison term and supervised release term cannot fall beyond his maximum sentence at all, because it violates the defendants substantial rights, under the

Criminal Rule No. 11. See <u>U.S. V. Throne,</u> 153F.3d130.

For this cause, the U.S. Parole Commission <u>must cease taking a person "street time credits"</u> and <u>release all parolees whom sentence has already expired.</u>

Furthermore, the provision of a Parole Board was unconstitutional in the beginning and should "Phase-Out".

It is well settled under Federal Law, that Parole has been declared "Abolished" by the Supreme Court Justice Judges and a District Court Judge in the year of 1992 and 1988. See <u>U.S. v Mistretta,</u> 488 U.S. 361, and <u>U.S. v. Estrada,</u> 680 F. Supp.1312, 1338.

Congress had no Judicial or Legislative duty to over-turn the above Supreme Court's set precedent, by signing a "Bill" to have "extended" the Parole Commission authority further, to function in capacity as an Article III Judge. Parole Officials are an "Executive-Official" <u>without Judicial Power and they are "Un-License - Judges" to hold anybody in jail.</u>

For the above cause, there has been an "Encroachment " on the Judicial Branch and an intent violation of the separation of Power and Unusual Punishment", in violation of his 8th Amendment Rights.

The facts remains that, Parole Officials have strictly Limited power to make a "Recommendation Report" to a sentencing Judge only and have no power to "Revoke" a parolee sentence at all. A Magistrate Judge can only make a recommendation report himself. In this case, the Parole Commission has acted as a Prosecutor, Jury and Judge.

## CONCLUSION

The Petitioner Respectfully requests that This Honorable Court will rule on Congress "Delegation of Power" Facts and Vacate the petitioner's Parole sentence, as expediently require by Justice.

Executed on the 1st day of

December, 2006

Respectfully Submitted

*Rashid Harris*

Rashid Harris #277-267
D.C. Jail
1901 D Street, SE
Washington, DC   20003

cc: Counsel for record

# CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
RASHID HARRIS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

#277-267

## DEFENDANTS
WM. J. SMITH, WARDEN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CASE NUMBER   1:06CV02079
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 12/__/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☒ G. *Habeas Corpus/ 2255* <br> ☒ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 2241 Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  NF  (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

**DATE** 12.5.06   **SIGNATURE OF ATTORNEY OF RECORD** NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd