## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RASHID HARRIS,** | **:** | |
| **Petitioner** | **:** | **Civil Action No. 06-2079 (CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **WARDEN WILLIAM J. SMITH,** | **:** | |
| **Respondent** | **:** | |

### UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States

Attorney for the District of Columbia, hereby respectfully file its opposition to the petitioner's

petition for a writ of habeas corpus. The petitioner has filed a petition for writ of habeas corpus

in which he claims that the U.S. Parole Commission is an unconstitutional entity and, as such,

has no authority and jurisdiction to issue a parole violator warrant and revoke his parole. Because

the constitutionality of the U.S. Parole Commission and its authority to supervise parolees and

revoke parole is well established, the petitioner's petition for a writ of habeas corpus should be

summarily denied.

### PROCEDURAL HISTORY

On January 11, 1999, the Superior Court of the District of Columbia sentenced the

petitioner, Rashid Harris, under the Youth Rehabilitation Act, to an aggregate term of ten years

of imprisonment for the offenses of assault with a deadly weapon and carrying a pistol without a

license. See Exhibit A (Bureau of Prisons Sentence Monitoring Computation Data).

On June 29, 2005, the petitioner was granted parole and was to remain under parole supervision

-1-

until the expiration of his sentence on October 29, 2008. <u>See</u> Exhibit B (Certificate of Parole).

On November 3, 2005, Community Supervision Officer (CSO) Kevin Dick advised the U.S. Parole Commission ("the Commission") that the petitioner had been arrested by D.C. Metropolitan Police on October 4, 2005 and charged with driving an unregistered auto. <u>See</u> Exhibit C (Alleged Violation(s) Report).[1]  The Commission decided to issue an official letter of reprimand to the petitioner to warn him of the consequences of continued non-compliance with his conditions of parole. <u>See</u> Exhibit D (Letter dated 12/5/05).

On April 25, 2006, CSO Dick advised the Commission that the petitioner had been arrested by the Prince Georges County, Maryland, Police Department on April 5, 2006 for possession with intent to distribute heroin and cocaine, possession of heroin and cocaine, providing a false statement to a police officer, and intentionally and knowingly obstructing and hindering a police officer in the performance of his lawful duties. <u>See</u> Exhibit E (Alleged Violation(s) Report).

On May 25, 2006, the Commission issued a parole violator  warrant for the petitioner. <u>See</u> Exhibit F (Warrant). The Commission charged the petitioner with committing a violation of the law based upon his arrest in Prince Georges County, Maryland, on April 5, 2006. <u>See</u> Exhibit G (Warrant Application). On October 31, 2006, the U.S. Marshals Service executed the Commission's parole violator warrant and took the petitioner into custody. <u>See</u> Exhibit H (Execution of Warrant).

On November 7, 2006, a Commission hearing examiner conducted a probable cause hearing and found probable cause to believe that the petitioner had violated the conditions of his

---

[1]The petitioner is also known as Duane Lamar Williams.

parole. <u>See</u> Exhibit I (D.C. Probable Cause Hearing Digest).

The Commission has scheduled a local revocation hearing for the petitioner on January 8, 2007. <u>See</u> Exhibit I at p. 4 and Exhibit J (Email from the Commission).

## ARGUMENT

In his petition, the petitioner challenges the Commission's authority and jurisdiction to issue a parole violator warrant and revoke his parole. The petitioner argues that the Commission lacks authority to detain him because it is not an Article III court with judicial power and the Commission's actions violates the separation of powers doctrine. The petitioner also argues that the Commission has been abolished, that the Commission has no jurisdiction over D.C. Code prisoners and parolees, and that the Commission has no authority to forfeit his time spent on parole, i.e., street time. The constitutional authority of the U.S. Parole Commission is well established, the Commission has not been abolished, it is settled that the Commission has jurisdiction over D.C. prisoner and parolees and can forfeit a parolee's time spent on parole upon revocation of parole. Accordingly, the petitioner's claims are without merit.

The Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. <u>See</u> D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C. offender's parole, pursuant to D.C. Code § 24-131(a). The Commission exercises its authority over D.C. Code parolees by virtue of the National Capital Revitalization and Self-Government Improvement Act of 1997, Title XI of Pub. L. 105-33, § 11231.  <u>See</u> D.C. Code § 24-131 (a)

(2001); <u>Pate v. United States</u>, 277 F. Supp.2d 1, 3 n. 2 (D.D.C. 2003); <u>Allston v. Gaines</u>, 158 F.Supp.2d 76, 78 (D.D.C .2001). This law expressly requires the Commission to apply D. C. parole laws. <u>See</u> D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia...").

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well established.  <u>See</u> <u>Morrissey v. Brewer</u>, 408 U. S. 471, 478-80, 485-89 (1972). <u>See also</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 188 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission").  A parole agency's exercise of its authority does not violate the separation of powers doctrine and does not unconstitutionally infringe on a judicial function. <u>See</u> <u>Simpson v. Ortiz</u>, 995 F.2d 606, 610-11 (5th Cir.) (Parole Commission did not violate doctrine of separation of powers by establishing parole eligibility guidelines), <u>cert. denied</u>, 510 U.S. 983 (1993);  <u>Geraghty v. U. S. Parole Comm'n</u>, 719 F.2d 1199, 1211-12 (3rd Cir. 1983)(Commission does not perform a "judicial function" when it grants and denies parole), <u>cert. denied</u>, 465 U.S. 1103 (1984);  <u>Artez v. Mulcrone</u>, 673 F.2d 1169, 1170 (10th Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and does not usurp the judicial function;  "[i]n granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls"). Because revocation of parole is not a new criminal prosecution in any sense, <u>see</u> <u>Maddox v. Elzie</u>, 238 F.3d 437, 443 (D.C. Cir.), <u>cert. denied</u>, 534 U.S. 836 (2001); <u>cf</u>. <u>id</u>. at

445 ("<u>Morrissey</u>, [<u>supra</u>,] makes clear that parole revocation is not the continuation of a criminal trial <u>but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial</u>.") (emphasis added), the Commission does not usurp Article III powers when it revokes a released prisoner's parole.[2]

As to the petitioner's argument that the Commission has been abolished, the Commission's abolition date (originally set for November 1, 1992), has been repeatedly postponed by Congress. At the present time, Congress has extended the Commission's existence until October 31, 2008. <u>See</u> United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, §2, Pub.L.No. 109-76, 119 Stat. 2035 (Sept. 29, 2005).[3]

---

[2]Although the petitioner relies upon <u>Mistretta v. United States</u>, 488 U.S. 361 (1989), <u>Mistretta</u> does not support his argument. In <u>Mistretta</u>, the Supreme Court upheld the constitutionality of the U.S. Sentencing Guidelines and the establishment of the Sentencing Commission against nondelegation and separation of powers challenges. In discerning no impediment under the separation-of-powers doctrine to placing the Sentencing Commission-which does not exercise judicial power, but rather has as its primary task the promulgation of sentencing guidelines–within the judicial branch, the Court observed that "the sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch." <u>Id</u>. at 384-85, 390 (citations omitted). <u>Mistretta</u> precludes the petitioner's reliance on decisions like <u>United States v. Estrada</u>, 680 F.Supp. 1312 (D. Minn. 1988), <u>rev'd</u>, 873 F.2d 1449 (8th Cir. 1989).

The petitioner's reliance on <u>United States v. Johnson</u>, 48 F.3d 806, 807-08 (4th Cir. 1995), is also misplaced. In that case, the district court delegated authority to a U.S. Probation Officer in the absence of Congressional authorization. The petitioner's case is distinguishable from <u>Johnson</u> because the D.C. Code expressly gives authorization to the Commission to revoke the parole of D.C. offenders, such as the petitioner. <u>See</u> D.C. Code § 24-131(a).

Finally, <u>United States v. Thorne</u>, 153 F.3d 130 (4th Cir. 1998), cited by the petitioner, is likewise inapposite. In <u>Thorne</u>, the trial court committed reversible error by failing to inform the defendant of the potential term of supervised release and its significance at the time of his plea. The petitioner has presented no such evidence in this case.

[3]The petitioner also protests the authority of the Commission to forfeit his time spent on parole, "street time." The petitioner's argument is premature; the Commission has not revoked

## CONCLUSION

_____Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____/s/ Robert D. Okun_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____/s/ Sherri L. Berthrong_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

---

his parole or his "street time." However, should the Commission revoke the petitioner's parole, his "street time" would be forfeited. What the petitioner is protesting, of course, is the decision of the District of Columbia Court of Appeals in U. S. Parole Comm'n v. Noble, 711 A. 2d 85 (D.C. 1998), adopting en banc U. S. Parole Comm'n v. Noble, 693 A. 2d 1084 (D.C. 1997). This decision upheld the applicability of D.C. Code § 24-406 (a) to D. C. Code parolees like the petitioner. D.C. Code § 24-406 (a) states, in part, that, when parole is revoked, none of the time the parolee spent under parole supervision shall be credited toward his sentence. See also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002)(appellant cannot receive credit for "street time" after his parole is revoked); McQueen v. U.S. Parole Comm'n. 2005 WL 913151, *2 (D.D.C. April 19, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked). Thus, should the Commission revoke the petitioner's parole, the Commission would have the authority to revoke the petitioner's "street time."

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the United States' Opposition has been filed electronically with the Court and served by mail upon the petitioner, Rashid Harris, DCDC # 277-267, D.C. Central Detention Facility, 1901 D Street, S.E.,Washington, D.C. 20003, this 27th day of December, 2006.

/s/ Sherri L. Berthrong

Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**RASHID HARRIS,**                          :
    **Petitioner**                       :       **Civil Action No. 06-2079 (CKK)**
                                        :
    **v.**                              :
                                        :
**WARDEN WILLIAM J. SMITH,**                :
    **Respondent**                      :

## <u>ORDER</u>

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, United

States Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus,

and for the reasons stated in the United States Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____day of _____, 2006.

                                   _____
                                   Colleen Kollar-Kotelly
                                   U.S. District Court Judge

Copies to:

Rashid Harris
DCDC # 277-267
D.C. Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

```
I    PAR3H  540*23 *            SENTENCE MONITORING        *    12-19-2006
AGE 001          *             COMPUTATION DATA            *    12:08:37
                               AS OF 06-29-2005

EGNO..: 06498-007 NAME: HARRIS, RASHID


BI NO..........: 984801DB5          DATE OF BIRTH:  ▓▓▓▓▓▓▓▓▓
RS1............: CDC/PAROLE
NIT............:                     QUARTERS.....:
ETAINERS.......: NO                 NOTIFICATIONS: NO

RE-RELEASE PREPARATION DATE: 12-29-2004

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
HE INMATE WAS SCHEDULED FOR RELEASE: 06-29-2005 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------
OURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER...................: F5896-98E,H
UDGE...........................: MILLIKEN
ATE SENTENCED/PROBATION IMPOSED: 01-11-1999
ATE WARRANT ISSUED.............: N/A
ATE WARRANT EXECUTED...........: N/A
ATE COMMITTED..................: 11-30-1999
OW COMMITTED...................: DC SUPERIOR COURT COMT
ROBATION IMPOSED...............: NO
PECIAL PAROLE TERM.............:

             FELONY ASSESS  MISDMNR ASSESS   FINES         COSTS
ON-COMMITTED.: $00.00        $00.00         $00.00         $200.00

ESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
FFENSE CODE....:  602
FF/CHG: 22-501, ASSAULT WITH A DEADLY WEAON & CARRYING A PISTOL
        W/O A LICENSE

SENTENCE PROCEDURE.............: DC OMNIBUS YRA REGULAR SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS
DATE OF OFFENSE................: 05-04-1998




0002     MORE PAGES TO FOLLOW . . .
```

**EXHIBIT**

A

```
H    PAR3H 540*23 *            SENTENCE MONITORING        *    12-19-2006
AGE 002 OF 002 *             COMPUTATION DATA           *    12:08:37
                             AS OF 06-29-2005

EGNO..: 06498-007 NAME: HARRIS, RASHID


------------------------PRIOR COMPUTATION NO: 010 --------------------------

OMPUTATION 010 WAS LAST UPDATED ON 06-28-2005 AT CRO AUTOMATICALLY

HE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
RIOR COMPUTATION 010:    010 010

ATE COMPUTATION BEGAN..........: 01-11-1999
OTAL TERM IN EFFECT............:    10 YEARS
OTAL TERM IN EFFECT CONVERTED..:    10 YEARS
ARLIEST DATE OF OFFENSE........: 05-04-1998

AIL CREDIT....................:    FROM DATE     THRU DATE
                                  10-30-1998    01-10-1999

OTAL JAIL CREDIT TIME..........: 73
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 0
OTAL SGT POSSIBLE..............: 0
AROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
TATUTORY RELEASE DATE..........: 10-29-2008
WO THIRDS DATE.................: N/A
80 DAY DATE....................: N/A
XPIRATION FULL TERM DATE.......: 10-29-2008

AROLE EFFECTIVE................: 06-29-2005
AROLE EFF VERIFICATION DATE....: 01-13-2005
EXT PAROLE HEARING DATE........: 08-00-2004
YPE OF HEARING.................: PAROLE PRE-RELEASE REC REV

CTUAL SATISFACTION DATE........: 06-29-2005
CTUAL SATISFACTION METHOD......: PAROLE
CTUAL SATISFACTION FACILITY....: CDC
CTUAL SATISFACTION KEYED BY....: PN

AYS REMAINING..................: 1218
INAL PUBLIC LAW DAYS...........: 0

EMARKS.......: 10% IS 04-30-2004.
                COMP CERTIFIED BY DC RECORDS CENTER ON 7-21-2004.




0039      ALL CURRENT COMPS ARE SATISFIED
```

**EXHIBIT B**

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Harris, Rashid, Register No. 06498-007, (DCDC No. 277-267) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on June 29, 2005 and remain under parole supervision through October 29, 2008. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 27, 2005.

UNITED STATES PAROLE COMMISSION

By:    Dawn   M.   Booze-Hill,   Case   Services
Technician

Docket/Case Number: F5896-98E,H
Initial Risk Category: SFS -3

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____    _____
            Name                                       DCDC No.

Witnessed: _____
            Name and Title                                Date

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 06-27-2005 15:05:41 BOP-Shaw Residence II |



**EXHIBIT**
B

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 06-27-2005 15:05:41 BOP-Shaw Residence II |

**SPECIAL CONDITIONS**

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 06-27-2005 15:05:41 BOP-Shaw Residence II |

**EXHIBIT C**



### Court Services and Offender Supervision Agency
### for the District of Columbia
*Community Supervision Services*
*Branch IIB, General Supervision*

### Alleged Violation(s) Report

November 3, 2005

**TO:**    The United States Parole Commission
Joy Randall
5550 Friendship Boulevard
Chevy Chase, MD 20815-7286

| | | | |
|---|---|---|---|
| **FROM:** | Kevin Dick | **Unit:** | General Supervision - Team 53 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7837 |
| **Please send all inquiries to:** | 1418 Good Hope Road, SE Washington, DC 20020-5615 | **Fax:** | (202) 585-7829 |
| | | **Email:** | kevin.dick@csosa.gov |

**SUBJECT:**    Non-Compliance with Supervised Release

**DOCKET:**    F 5896-98

**Offender:**    DUANE LAMAR WILLIAMS

**FEDREG #:**    064980-07

**FBI #:**    984801DB5

**DCDC #:**    277-267

**PDID #:**    492-385

**Action Recommended:** Letter of Reprimand

---

**SENTENCING INFORMATION**

Mr. DUANE WILLIAMS is a 27 year-old male who was sentenced on 01-11-1999 to Count E-Assault with a Deadly Weapon (Gun) and Count H-Carrying a Pistol without a License. Subject was sentenced to 10 years in jail for Count E and 5 years in jail for Count H. The offender was paroled on 6-29-2005 with a full-term date of 10-29-2008.

The offender has the following special condition(s):

Special Drug Aftercare

EXHIBIT
C

LOR

D Law Viol: Unreegistered
Auto
+ ₽.

Court Services and Offender Supervision Agency                                                    Page 2

**ALLEGED VIOLATION(S)**

Since supervision, the offender is alleged to have committed the following violation(s):

**Subject did not obey all laws.**

On or about 10-04-2005, subject was arrested by the Metropolitan Police Department for driving an unregistered auto in Washington, DC. Subject reported the matter and provided documentation of the fine paid in full (attached). Subject matter was closed with the Metropolitan Police Department when subject paid the fine.

**CASE SUMMARY**

The subject's overall adjustment is marginal. Mr. DUANE WILLIAMS lives at ▮▮▮▮▮▮▮▮▮▮▮▮▮ NE, Washington, DC 20019 and can be reached by phone at ▮▮▮▮▮▮▮▮. The offender has been at this place of residence for 5 months. The offender currently lives with his reported cousins ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮. Subject is currently employed with H & M Supply Company and Murray's Foods. The offender has been employed since being released from prison.

Other than the above reported information, subject is compliant with all other conditions of parole.

**RECOMMENDATION**

This Community Supervision Officer concludes that the offender poses a moderate risk. Therefore, this Community Supervision Officer is respectfully requesting a Letter of Reprimand.

**Respectfully submitted,**

_(signature)_                                                      11/3/05
                                                                    Date
Kevin Dick
Community Supervision Officer
Telephone Number: (202) 585-7837


**Approved by:**

_(signature)_                                                      11-3-05
                                                                    Date
Marie Asike
Supervising Community Supervision Officer
Telephone Number: (202) 585-7825


cc: Filed

**EXHIBIT D**



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

December 5, 2005

## OFFICIAL LETTER OF REPRIMAND

Rashid Harris
Reg. No. 06498-007
DCDC No. 277-267
c/o Kevin Dick
Supervision Officer
General Supervision Unit IX-Team 53
CSOSA
1418 Good Hope Road, S.E.
Washington, D.C. 20020

Dear Mr. Harris:

The purpose of this letter is to inform you that the U.S. Parole Commission has received information concerning your non-compliance with the conditions of your parole. The Commission has been informed that you are in violation of these conditions, specifically:

1. Law Violation – Driving an Un-Registered Auto in Washington, D.C.

Violation of the conditions of release may result in the issuance of a warrant for your arrest. Your disregard of the rules and regulations set forth on your release certificate and by your Community Supervision Officer will be not tolerated.

You are officially notified that continued disrespect and non-compliance with your conditions of release may result in your arrest and return to custody. Your Community Supervision Officer has received a copy of this letter and will inform us immediately should any further violations occur.

Sincerely,

Jordana Randall
Case Analyst Trainee

JXR/MKE

**EXHIBIT**
**D**

Queued: 12-05-2005 08:46:48 USPO-General Supervision Unit IX-Team 53 |

# **EXHIBIT E**



# Court Services and Offender Supervision Agency
## for the District of Columbia
*Community Supervision Services*
*Branch IIB, General Supervision   General Supervision - Team 53*

### Alleged Violation(s) Report

4/25/2006

**To:**   Rhonda Shelton

The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815



| | | |
|---|---|---|
| **From:** | Kevin Dick<br>Community Supervision Officer | **Unit:** | Branch IIB, General<br>Supervision<br>General Supervision - Team<br>53 |

**Telephone:** (202) 585-7837

**Please send all inquiries to:** 1418 GOOD HOPE RD
WASHINGTON, DC

**Fax:** (202) 585-7829

**Email:** kevin.dick@csosa.gov

**Subject:** Non-Compliance with Supervised Release

**Docket:** F 5896-98

**Offender:** DUANE LAMAR WILLIAMS

**Address:** 405 Division Ave NE # 202
Washington, DC 20019

**FEDREG #:** 06498-007

**FBI #:** 984801DB5

**DCDC #:** 277-267

**PDID #:** 492-385

**Action Recommended:** Warrant

**EXHIBIT**
E

Court Services and Offender Supervision Agency                                          Page 2

**Name:**      Duane Williams
**PDID:**      492-385
**Subject:**   Alleged Violation Report

Mr. Duane Williams is a 27 year-old male who was sentenced on 01-11-1999 to Count E-Assault with a Deadly Weapon (Gun) and Count H-Carrying a Pistol without a License. Subject was sentenced to 10 years in jail for Count E and 5 years in jail for Count H. The offender was paroled on 6-29-2005 with a full-term date of 10-29-2008.

The offender has the following special condition(s):

Special Drug Aftercare

Since supervision, the subject is alleged to have committed the following violation(s):

**Subject did not obey all laws.**

On or about 04-05-2006, subject was arrested by the Prince Georges County Police Department. This arrest took place at the location of 1901 Village Green Drive in Landover, Maryland for Possession With the Intent to Distribute Heroin, Possession With the Intent to Distribute Crack Cocaine, Possession of Crack Cocaine, Possession of Heroin, provided a false statement to a police officer and intentionally and knowingly obstructed and hindered the performance of a police officers duties. These charges are supported by the statement of charges dated 04-05-2006. Subject is currently held at the Prince Georges County Correctional Center (13400 Dille Drive Upper Marlboro, MD 20772) and awaiting a Preliminary Hearing on 05-04-2006.

The subject's overall adjustment is unsatisfactory. Mr. Duane Williams lives at ██████████ NE, Washington, and D.C. 20019 and can be reached by phone at ████████. The offender has been at this place of residence for since being released to supervision. The offender currently lives with his reported cousins ████████████████. Subject is currently employed with H & M Supply Company. The offender has been employed since being released from prison.

Subject has reported office visits and drug testing as instructed. Subject provides current pay stubs to verify his employment. CSO Dick spoke with Darryl Hodges as recently as 04-18-2006, subject's reported supervisor, to verify his employment. CSO Dick became concerned about subject's pay stub during an office visit in February 2006 that it read the same information with the check sequence number, request number, and tax information.

The reported violation is the second arrest during this period of supervised release. On 09-15-1998, subject was convicted for Possession of Cocaine in the District of Columbia. This officer believed that subject was beginning to focus on long term goals and have buffers in place to avoid any new criminal behavior. Given the information in the statement of charges, subject has provided the reasons that his behavior has not changed. A record check on 04-19-2006 revealed no other new charges or arrest to report.

Court Services and Offender Supervision Agency                    Page 3

**Name:**      Duane Williams
**PDID:**      492-385
**Subject:**    Alleged Violation Report

███ RECOMMENDATION: ███████████████████████████████████

This Community Supervision Officer concludes that the offender poses a potential risk.
Therefore, this Community Supervision Officer is respectfully requesting a warrant.

**Respectfully submitted,**

_(signature)_                                     4 -28-06
Kevin Dick                                         —————
Community Supervision Officer                        Date
Telephone Number: (202) 585-7837

**Approved by:**

_(signature)_                                     _(signature)_ 28, 2006
Joseph C. Alston                                    —————
Supervising Community Supervision Officer            Date
Telephone Number: (202) 585-7825
                    7803

cc: Filed

**EXHIBIT F**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Harris, Rashid, Reg. No. 06498-007, DCDC No. 277-267, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 10 Years YRA DC Omnibus for the crime of Assault with a Deadly Weapon, Carrying a Pistol without a License and was on 6-29-2005 released on parole from D.C. CCM with 1218 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on May 25, 2006

_____
U.S. Parole Commissioner

**EXHIBIT**
_F_

**Harris, Rashid**
**Reg. No. 06498-007    DCDC No. 277-267**

**EXHIBIT G**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name............................. **Harris, Rashid**

| | |
|---|---|
| Reg. No .......................... **06498-007** | Date.......................................... **May 25, 2006** |
| DCDC No. ..................... **277-267** | Termination of Supervision ..... **10-29-2008** |
| FBI No .......................... **984 801 DB5** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ................... ▓▓▓▓▓ | Offender Is On Mandatory Release, Termination |
| Race .............................. **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date ......................... **4-5-2006** |
| | Released ................................ **6-29-2005** |

Sentence Length............**10 Years YRA DC Omnibus**
Original Offense............ **Assault with a Deadly Weapon, Carrying a Pistol without a License**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation – a) Possession with Intent to Distribute Crack Cocaine b) Possession with Intent to Distribute Heroin c) Possession of Crack Cocaine d) Possession of Heroin e) False Statements.** On 4-5-06, the releasee sold narcotics to several individuals. When apprehended the releasee gave police officers an alias and false identification information. Officers recovered 15 ziploc bags of crack cocaine (approximately 8.5 grams), 12 ziploc bags of heroin (3.3 grams), and $324.00. The releasee was arrested by Prince Georges County, MD Police for the above-cited offenses on the same day. This charge is based on the information contained in the violation report dated 4-25-06 from supervising officer Kevin Dick and a police report dated 4-5-06. Status of Custody/Criminal Proceedings: On 5-4-06 a preliminary hearing was scheduled.

a) I ADMIT [   ] or DENY [   ] this charge.
b) I ADMIT [   ] or DENY [   ] this charge.
c) I ADMIT [   ] or DENY [   ] this charge.
d) I ADMIT [   ] or DENY [   ] this charge.



**EXHIBIT**
**6**

**Harris, Rashid**
**Reg. No. 06498-007   DCDC No. 277-267**

e) I ADMIT [   ] or DENY [   ] this charge.

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................. **May 25, 2006**

**Jordana Randall, Case Analyst Trainee**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit IX-Team 53, 1418 Good Hope Road**

---

**Harris,  Rashid**
**Reg. No. 06498-007    DCDC No. 277-267**

**EXHIBIT H**

NOV 01 2006 16:25 FR U S MARSHALS SERVICE 2023071936 TO 913014925908    P.04/07
10/30/2006 12:56    410-962-2824    USMS BALTIMORE WTS    PAGE  05/06
JUN 14 2006 09:52 FR USM    TO 913109622824    P.03

## WARRANT For Return Of Prisoner Released To Supervision

Name:  Harris, Rashid                     Institution:  D.C. CCM
Reg. No. 06498-007                        DCDC No.  277-267

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ MD _____ ss:

Received this writ the _13_ day of _October_ 20_06_, and executed same by arresting the within-named _HARRIS, Rashid_ this _31_ day of _October_ , 20_06_, at _MD_ and committing him to _DCDC_

_J Hughes_
U.S. Marshal

_(signature)_
Deputy Marshal

Further executed same by committing him to _De_ _____ at _5 PM_ on _Oct 31st_ _____ 20_06_ the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_George Walsh_
U.S. Marshal

_William Marten_
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _May 25, 2006_

_@ Oct 31, 2006_

_Duane Williams_
Prisoner's Signature                          Date

Harris, Rashid
Reg. No. 06498-007    DCDC No. 277-267

**EXHIBIT**

**EXHIBIT I**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name...........................: **Harris, Rashid**
AKA – Duane Lamar Williams
Reg. No. .........................: **06498-007**

Type of Release ............:**Parole**

Full Term Date When Warrant Issued: **10-29-2008**

Date Warrant Executed.: 10·31·06

Hearing Date........: 11·7·06

Examiner...............: R. M. Baker

Supervision Officer: **Kevin Dick**

---

## Attorney at Probable Cause Hearing:

[√] PDS        [  ] Other        [  ] None

Name Anna Rodriguez

Address 633 Indiana Ave N.W.

WDC

Phone (202) 628-1200

## Attorney Representing Subject at Revocation Hearing:

[√] PDS        [  ] Other        [  ] Unknown

Name_____

Address_____

_____

Phone_____

---

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[√] Advised of Right to a Probable Cause Hearing   [√] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

   [  ] At Request of Attorney/Prisoner        [  ] Prisoner Unavailable

   [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

**EXHIBIT**
1

**Harris, Rashid**
**Reg. No. 06498-007    DCDC No. 277-267**



## III. Review of Charges:

**Charge No. 1 - Law Violation – a) Possession with Intent to Distribute Crack Cocaine b) Possession with Intent to Distribute Heroin c) Possession of Crack Cocaine d) Possession of Heroin e) Obstruction of Justice**

[  ] ADMITS          [√] DENIES

The Subject's Response:

Per counsel + S- charge of PWID Crack Cocaine + Heroin was dismissed 4/26/06.

Per S- in custody since 4/5/06.

[√] **Probable Cause Found.** After considering the violation report dated 4-25-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[  ] No Probable Cause Found

## IV. Additional Charges:

_____

_____

_____

_____

## V. Outcome of Probable Cause Hearing:

[√] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

**Harris, Rashid**
**Reg. No. 06498-007    DCDC No. 277-267**

[   ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

[   ] **Reinstate** to Supervision  or  [   ] **Close Case** *(If expiration date has passed)*


[   ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[   ] **Summon** to revocation hearing or  [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Kevin Dick
**Status:**_____**Approved**      ___✗__**Not Approved**      _____**Pending Further Review**

Police Officer (Prince George's County)
Name: J. Dyson (Badge No. 2651)
**Status:**__✗__**Approved**      _____**Not Approved**      _____**Pending Further Review**


## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

_____

**Harris, Rashid**
**Reg. No. 06498-007    DCDC No. 277-267**

**IX.    Revocation Hearing:**

[✓] Local Revocation **or**        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [✓] CTF   [  ] DC Jail    **Date:** _1/8/07_        **Time:** [✓] am   [  ] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

_Anna Rodnoz_                                    _11/7/06_
_Attorney/Prisoner_                                      _Date_

_Additional Text:_

Counsel needs copy of PSR
This Examiner left message w/
CSO K. Dike of need to have PSR.

_signature_                                    _11/7/06_
_Examiner_                                      _Date_

**Disclosure Documents:**  Warrant dated 5-26-06, Warrant Application dated 5-26-06, Violation Report dated 4-25-06 with attachments, Parole Certificate dated 6-27-05, Pre-Sentence Report (NA)

**I acknowledge having received the above disclosure documents and a copy of this document.**

_Anna Rodnoz_                                    _11/7/06_
_Attorney/Prisoner_                                      _Date_

**Harris, Rashid**
**Reg. No. 06498-007     DCDC No. 277-267**

U.S. DEPARTMENT OF JUSTICE                                     Probable Cause and Revocation
United States Parole Commission                         Hearing Form for D.C. Code Parolees or Releasees
Chevy Chase, MD 20815                                      Arrested in the District of Columbia

## PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*
The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) ( *PH* )  I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (     )  I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

Rashid Harris                                    11/7/06

**(Signature of Parolee or Releasee)**                **(Date)**

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(      ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(*RH*) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_/Rashid Harris_____     _____
(Signature of Parolee or Releasee)          (Signature of Hearing Examiner)

_·11/7/06_____     __11/7/06_____
(Date)                              (Date)

**EXHIBIT J**

**Bennett, Pat A. (USPC)**

| | |
|---|---|
| **From:** | Bennett, Pat A. (USPC) |
| **Sent:** | Friday, November 24, 2006 10:44 AM |
| **To:** | Kevin Dick |
| **Subject:** | Harris, Rashid - Reg. No. 06498-007; DCDC No. 277-267 |

The U.S. Parole Commission has scheduled a local revocation hearing for the above-named subject on 1/8/2007, 9AM at the Correctional Treatment Facility (CTF), 1901 E Street, SE, WDC.

Your presence is required at the hearing.

If you are not available on the date of the hearing, please provide me with a name and phone number of the CSO who will cover for you, in your absence, as soon as possible. I can be reached at 301-492-5952 ext. 192.

*** *Please respond to this email. The server has been changed to a different route, and it does not provide the information stating if the email was delivered successfully.* ***

Your cooperation in this matter is greatly appreciated.

Thank you.

*Patricia Bennett*
*Case Services*
*U.S. Parole Commission*

EXHIBIT
J

1